UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANAND DASRATH,

               Plaintiff,

-against-

STONY BROOK UNIVERSITY MEDICAL
CENTER, PETER GIACOPELLI, KARL VON
BRAUN, JEANNENE STRIANSE,

               Defendants.
------------------------------------------------------------X

<u>ORDER</u>
12-CV-1484 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 29 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On March 27, 2012, plaintiff Anand Dasrath ("plaintiff") commenced this action against his former employer, Stony Brook University Medical Center (the "Medical Center"), alleging discrimination upon the basis of national origin and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). [Docket Entry No. 1]. On July 24, 2012, plaintiff filed an amended complaint against the Medical Center, and his former supervisors, Peter Giacopelli, Karl Von Braun, and Jeannene Strianse (the "individual defendants"), asserting discrimination and retaliation claims pursuant to Title VII and the New York State Human Rights Law ("NYSHRL").[1] [Docket Entry No. 3].

On October 19, 2012, defendants moved to dismiss the amended complaint. [Docket Entry No. 16]. By order dated August 9, 2013 ("Dismissal Order"), this Court granted in part

---

[1] Specifically, plaintiff asserted the following claims against the Medical Center: (i) discrimination in violation of Title VII; (ii) retaliation in violation of Title VII; (iii) discrimination in violation of NYSHRL § 296(1); and (iv) retaliation in violation of NYSHRL § 296(7). Plaintiff also asserted the following claims against Giacopelli, Von Braun, and Strianse: (i) discrimination in violation of NYSHRL § 296(1); (ii) retaliation in violation of NYSHRL § 296(7); and (iii) aiding and abetting discrimination in violation of NYSHRL § 296(6).

and denied in part defendants' motion to dismiss. [Docket Entry No. 21]. The Court dismissed all but the following two (2) claims: (i) Title VII discrimination claim against the Medical Center, not based upon hostile work environment; and (ii) the NYSHRL § 296(1) discrimination claim against Strianse. All dismissals were ordered with prejudice, except for the NYSHRL § 296(6) aiding and abetting claims against Strianse and Giacopelli, upon which the Court granted plaintiff leave to amend no later than August 30, 2013. The Court referred plaintiff and the remaining two (2) defendants, the Medical Center and Strianse ("defendants"), to Magistrate Judge William D. Wall to conduct and complete discovery by December 19, 2013 on the two (2) remaining claims.

On December 19, 2013, plaintiff served defendants with his motion for leave to file a second amended complaint ("Motion to Amend"), which seeks to reassert NYSHRL retaliation claims against the individual defendants, and for the first time, assert a claim for retaliation under 42 U.S.C. § 1981 ("Section 1981") against the Medical Center, Strianse, and Giacopelli, based upon plaintiff's complaint of discrimination during his call to Strianse on April 9, 2010 (the "April 9, 2010 Phone Call"). Memorandum of Law in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint [Docket Entry No. 31] ("Pl. Mot."), at 1. In support of his Motion to Amend, plaintiff relies upon "new facts which were found out during discovery" that purportedly "remov[e] the basis for dismissal of these [retaliation] claims." (*Id.*).[2] These Plaintiff argues that these "new facts" reveal that plaintiff was going to be given opportunities to

---

[2] Plaintiff gathers these "new facts" from the following documents, which are attached as exhibits to the Motion to Amend: (i) letters from Giacopelli to Strianse [Exs. B, C, G]; (ii) a supervisory plan setting forth standards for plaintiff to follow for "the remainder of employment at [the] Medical Center" ("Supervisory Plan") [Ex. D]; (iii) memorandum created by Strianse ("Strianse Memorandum") [Ex. E]; (iv) deposition testimony of Strianse, Giacopelli, and Von Braun [Exs. F, K, L]; (iv) letter, dated April 22, 2010, informing plaintiff that his "appointment will not be renewed at the end of [his] term on April 30, 2011" ("Non-Renewal Letter") [Ex. H]; and (v) defendants' objections and responses to plaintiff's first set of interrogatories [Ex. J].

2

keep his job, but defendants decided not to renew plaintiff's appointment within two (2) weeks of his complaint of discrimination to Strianse during the April 9, 2010 Phone Call.

On February 27, 2014, Magistrate Judge Wall issued a report (the "Report"), recommending that plaintiff's Motion to Amend be granted in part and denied in part. [Docket Entry No. 39]. The Report recommends that plaintiff be denied leave to amend to assert retaliation claims against the Medical Center, but that plaintiff's motion be granted to the extent that it seeks to assert retaliation claims pursuant to Section 1981 and NYSHRL against Strianse and Giacopelli based on the April 9, 2010 Phone Call. Report, at 1, 8. The Report further recommends that the discovery deadline be extended and the parties be permitted to engage in additional discovery on these claims. Report at 1.

On March 13, 2014, defendants filed objections to the Report only insofar as it recommends that plaintiff be granted leave to amend to assert retaliation claims against Strianse and Giacopelli in their individual capacities pursuant to Section 1981 and NYSHRL. [Docket Entry No. 41]. The Court adopts that recommendation upon concluding it is not facially erroneous. For the reasons that follow, upon *de novo* review of the portions of the Report to which defendants object, plaintiff's motion for leave to amend to assert retaliation claims against Strianse and Giacopelli is denied.

I.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the

original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 229, 9 L.Ed.2d 222 (1962). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). "The court also has discretion to deny leave to amend . . . where the belated motion would unduly delay the course of proceedings

4

by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (citation omitted).

The Court denies plaintiff leave to amend to assert retaliation claims against Strianse and Giacopelli because: (1) amendment would be unduly prejudicial to defendants; (2) plaintiff seeks to amend after an undue delay; (3) plaintiff's misrepresentations indicate bad faith; and (4) amendment would be futile.

A. Prejudice

"Amendment may be prejudicial when, among other things, it would 'require an opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010). Because the Dismissal Order dismissed all of plaintiff's retaliation claims were dismissed with prejudice, defendants did not conduct discovery with respect to any retaliation claim, and Giacopelli has not engaged in any discovery because all claims against him were dismissed. Furthermore, discovery on the two (2) remaining claims – the Title VII discrimination claim against the Medical Center (on grounds other than hostile work environment), and the NYSHRL discrimination claim against Strianse – closed on December 19, 2013. Plaintiff did not serve defendants with the instant Motion to Amend until December 19, 2013, the date that discovery closed on the remaining claims and nearly two (2) years since the filing of the original complaint.

Permitting plaintiff to amend his complaint for the second time to assert retaliation claims would unduly delay this litigation and prejudice defendants. *See McCarthy*, 484 F.3d at 202 (upholding denial of leave to amend where, *inter alia*, plaintiff did not seek to amend until "discovery had closed" and "nearly two years had passed since the filing of the original

complaint"); *Ansam Assocs. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446-47 (2d Cir. 1985) (affirming denial of leave to amend where, *inter alia*, "proposed amendment would be especially prejudicial given the fact that discovery had already been completed" and proposed claims "were derived from a different statute"); *Rivers v. NYC Housing Authoirty*, 2014 WL 1311557, at *5 (E.D.N.Y. Mar. 31, 2014) ("[S]ince discovery has closed and a briefing schedule has been set . . . permitting supplementation would unduly delay this litigation and prejudice defendants.").

B. Undue Delay

Plaintiff bases his Motion to Amend on "new facts which were found out during discovery," which plaintiff claims establish that he was retaliated against following the April 9, 2010 Phone Call. Pl. Mot., at 1. Plaintiff primarily relies on facts revealed by the Non-Renewal Letter, the Supervisory Plan, and the deposition testimony of Strianse. However, at the time plaintiff filed the initial complaint in March 2012, he was aware of the existence of both the Non-Renewal Letter, the April 9, 2010 Phone Call, and the Supervisory Plan.

Plaintiff does not dispute that he was sent the Non-Renewal Letter. *See* Pl. Mot., at 3 ("On April 22, 2010, Defendants sent a letter indicating that Plaintiff Dasrath would not be reappointed"). Instead, plaintiff claims to have not received the Non-Renewal Letter,[3] and that at the time he filed his amended complaint, he was unaware that the purported adverse employment action – the decision not to renew his appointment – had occurred in April 2010. *See* Memorandum of Law in Reply to Defendants' Opposition and Further Support of Plaintiff's

---

[3] The Non-Renewal Letter was sent to plaintiff at the same address provided by plaintiff in his written complaint to the Equal Employment Opportunity Commission ("EEOC"). *See* Mot. to Dismiss, Ex. A ("EEOC Complaint") [Docket Entry No. 16-3]. The law is clear that a "properly addressed piece of mail [that] was placed in the case of the Postal Service . . . is presumed to have been delivered." *Dunn v. Albany Medical College*, 445 F. App'x 431, 432 (2d Cir. Nov. 15, 2011). Plaintiff's unsupported claim that he did not receive the Non-Renewal Letter does not rebut the presumption of receipt. *See Akey v. Clinton Cnty.*, 375 F.3d 231, 235 (2d Cir. 2004) ("Denial of receipt, without more, is insufficient to rebut the presumption.").

6

Motion for Leave to File a Second Amended Complaint ("Reply") [Docket Entry No. 33], at 4 ("If Plaintiff had known that the decision to not renew his contract was made less than two weeks after the complaint of discrimination on April 9, 2010 then he would have alleged this in his Amended Complaint."). Assuming *arguendo* that plaintiff did not receive the Non-Renewal Letter in April 2010, there is no doubt that plaintiff was aware of its existence before he commenced this action on March 7, 2012. In a letter written by plaintiff in August 2011 to the EEOC, plaintiff admitted that he was presented with the Non-Renewal Letter at a grievance meeting on June 1, 2011 with the director of human resources of Stony Brook. *See* EEOC Complaint, at 5, ¶ 9.

Similarly, there is no question that plaintiff saw the Supervisory Plan as early as September 24, 2010. In a signed interrogation statement, dated September 24, 2010, plaintiff stated that, "I was shown a document titled 'Supervisory Plan' by Santo.[4] It is the first time I have seen his [sic] document." Mot. to Dismiss, Ex. N [Docket Entry No. 32-1]. Plaintiff's contention that he had not seen the Supervisory Plan prior to his deposition is contradicted by his earlier signed statement. *See* Defendants' Opposition to Plaintiff's Motion to Amend ("Opp."), Ex. A ("Dasrath Depo.") [Docket Entry 32-1], at 233:5-9 ("No, I never see [the Supervisory Plan] before. First time in my life."). Plaintiff's self-serving misrepresentations about when he learned of these "new facts" do not excuse his undue delay in waiting until this late stage of the case to assert a claim for retaliation based on the April 9, 2010 Phone Call. Accordingly, plaintiff's motion for leave to amend to assert retaliation claims against Strianse and Giacopelli is denied. *See Parker v. Columbia Pictures Inds.*, 204 F.3d 326, 341 (2d Cir. 2000) (affirming denial of leave to amend where plaintiff "had all the information necessary to support [the

---

[4] Santo Barravecchio, the labor relations manager at the time, was present while plaintiff made his statement on September 24, 2010.

proposed amended] claim" "[w]hen he commenced [the] action," "and nothing he learned in discovery or otherwise altered that fact").

C. Bad Faith

Plaintiff's clear attempt to mislead the Court to avoid a finding of undue delay by misrepresenting when he learned about the Non-Renewal Letter and the Supervisory Plan undeniably reflects bad faith. *See Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (noting court may deny motion to amend on bad faith grounds where "proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed"). Plaintiff's motion papers also contain numerous additional misrepresentations that further evidence his bad faith.

Plaintiff argues that until he made the April 9, 2010 Phone Call to Strianse, he "had *multiple additional opportunities* to continue in employment provided that he met certain standards" set forth in the Supervisory Plan. Pl. Mot., at 2. This statement is a blatant misrepresentation of the Supervisory Plan, which merely provided standards for plaintiff to follow "[f]or the remainder of employment at Stony Brook University Medical Center," and advised that "[s]hould [plaintiff] feel that the above mentioned [standards] cannot be attained, his Non-Renewal will become effective IMMEDIATELY." Supervisory Plan. No possible reading of the Supervisory Plan leads to plaintiff's conclusion that it provided him with "multiple additional opportunities to continue in employment."

Plaintiff heavily relies on Strianse's deposition testimony to establish a causal connection between the April 9, 2010 Phone Call and the determination not to renew plaintiff's appointment. Plaintiff contends that Strianse testified that "following this *complaint*, there was no possibility that Plaintiff Dasrath would be permitted to continue to work for Defendant Stony Brook., and that she would not recommend that the Plaintiff keep his job." Pl. Mot., at 2 (emphasis added).

8

However, Strianse was asked whether "there was any chance at all that [plaintiff] was going to keep his job" "[a]fter you had that *conversation* with [plaintiff]." Mot. to Amend, Ex. F ("Strianse Depo.") [Docket Entry No. 31-8], at 147:25-148:3 (emphasis added). Plaintiff's summary of Strianse's testimony is a disingenuous attempt to avoid the fact that her answer was based primarily on plaintiff's actions throughout the entire April 9, 2010 Phone Call. As Strianse explained, "[she] didn't feel that he had a complaint about discrimination" and "thought he was ranting on the phone," and she "didn't know if he was stable." Strianse Depo., at 137:18-138:4. Despite plaintiff's contention to the contrary, Strianse's testimony in no way constitutes "an admi[ssion] that Plaintiff's April 9, 2009 complaint was the cause of his termination." Reply, at 1.

Plaintiff's various misrepresentations and selective use of "new facts," intended to manufacture a causal connection between the April 9, 2010 Phone Call and the Non-Renewal Letter, are evidence of plaintiff's bad faith. Accordingly, plaintiff's motion to amend is also denied on bad faith grounds. *See e.g., Gurvery v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2013 WL 3718071, at *11 (S.D.N.Y. July 15, 2013) (denying motion to amend where, among other reasons, plaintiff's numerous misrepresentations "are clearly intended to mislead the Court" and are "evidence of her bad faith"); *Whimisicality, Inc. v. Battat*, 27 F. Supp. 2d 456, 465 (S.D.N.Y. 1998) (denying motion to amend where, among other reasons, plaintiff acted in bad faith by intentionally misleading the court).

D. Futility

Defendants claim that any amendment by plaintiff to assert retaliation claims based on the April 9, 2010 Phone Call would be futile. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).

Dismissal under Rule 12(b)(6) may be granted where "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Secs. Inv. Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff seeks leave to amend to reassert NYSHRL retaliation claims and to assert for the first time a Section 1981 retaliation claim, both of which are evaluated using the same framework. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) ("The burden-shifting framework laid out in *McDonnell Douglas* . . . governs retaliation claims under both Title VII and the NYSHRL."); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) ("Retaliation claims made under 42 U.S.C. § 1981, like those made under Title VII, are evaluated using a three-step burden-shifting analysis."). To state a claim for retaliation, a plaintiff must plead facts that demonstrate: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) (citation omitted).

   1. Causal Connection

Plaintiff has failed to adequately plead the "causal connection" element of retaliation, which requires "that a retaliatory motive played a part in the adverse employment action." *Kessler v. Westchester Cnty. Dep't of Social Servs.*, 461 F.3d 199, 206 (2d Cir. 2006). Plaintiff selectively uses "new facts" to manufacture a causal connection between the purported protected activity (his complaint of discrimination during the April 9, 2010 Phone Call) and the purported retaliation ("the failure to reappoint Plaintiff to his position resulting in his termination"). Pl. Mot., at 1. In reliance on plaintiff's misleading presentation of these "new facts," the Report concluded that plaintiff's proposed amended complaint states a plausible claim of retaliation

because "before [plaintiff] engaged in protected activity the defendants intended to give him an opportunity to improve, as set out in the Supervisory Agreement," "[b]ut, as Strianse testified at her deposition, his termination was a certainty after the protected activity, later on the same day." Report, at 8. While plaintiff's allegations may establish temporal proximity, the documents from which plaintiff gathers these "new facts" include additional information that defeat any inference of a causal connection between the protected activity and alleged retaliation.[5] *See Gubitosi v. Kapica*, 154 F.3d 30, 33 (2d Cir. 1998) (inference of retaliation that was established by "short time between the date submitted her [complaints] . . . and the date she was terminated" was defeated by "the significant intervening events between these two dates").

Plaintiff relies on the Supervisory Plan to demonstrate that he "had multiple additional opportunities to continue in employment provided that he met certain standards." Pl. Mot., at 2 (citing Supervisory Plan). Plaintiff also cites to the Strianse Memorandum to show that he contacted Strianse on April 9, 2010, "telling her that he was 'very upset with the evaluation' and that he felt that Mr. Giacopelli 'hates him because [plaintiff] is not white.'" *Id.* (citing Strianse Memorandum). Furthermore, plaintiff relies on Strianse's deposition testimony to establish that "following this complaint, there was no possibility that [plaintiff] would be permitted to continue to work for Defendant." *Id.* (citing Strianse Depo. at 147-48).

---

[5] This Court may properly consider the remaining portions of the documents upon which plaintiff relies to support his Motion to Amend, in order to determine whether plaintiff's proposed amendment is futile and would withstand a motion to dismiss under Rule 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that on a motion to dismiss, the court may consider a document, even if not attached or incorporated by reference, where the complaint "relies heavily upon its terms and effect," thus rendering the document "integral" to the complaint (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995))).

Noticeably absent from plaintiff's reference to "new facts" are the descriptions, found in the same documents, of plaintiff's conduct that directly contravenes the standards set forth in the Supervisory Plan, which require plaintiff, *inter alia*, to "[s]how competency and dedication to the order entry process [using the pharmacy computer system]," to be "[r]espectful of departmental authority, co-workers and other healthcare professionals," and warned plaintiff that "[i]nsubordination, in any form or nature, will not be tolerated." Supervisory Plan. Specifically, plaintiff does not mention the summary in the Strianse Memorandum of Giacopelli's description of the "scene when [plaintiff] was given his evaluation," during which "[plaintiff] raised his voice, called [Giacopelli] names, and blatantly told him that he had no intention of learning the pharmacy computer system." Strianse Memorandum. Plaintiff also ignores Strianse's deposition testimony regarding plaintiff's expression of disrespect for Giacopelli during her conversation with plaintiff following the April 9, 2010 Phone Call. *See* Strianse Depo. at 134:18-135:4 ("All he was telling me was that he didn't respect [Giacopelli], that he thought [Giacopelli] was a moron, that he didn't think [Giacopelli] should be telling him, that he just had no respect for [Giacopelli] . . . and how much he thought that [Giacopelli] shouldn't be a supervisor.").

The documents upon which plaintiff now moves for leave to amend, when examined in their entirety, reveal that plaintiff's actions unequivocally violated the standards set forth in the Supervisory Plan and provided a non-retaliatory basis for the non-renewal of plaintiff's appointment. *See Hahn v. Bank of Am., Inc.*, No. 12 Civ. 4151, 2014 WL 1285421, at *19 ("Any of these events would have been sufficient to justify Plaintiff's termination and hence to break any chain of causation [established by temporal proximity] from Plaintiff's protected activity."). Plaintiff's misleading use of "new facts" is insufficient to create a plausible inference of a causal

connection between plaintiff's complaint of discrimination during the April 9, 2010 Phone Call and the Non-Renewal Letter. Accordingly, amending the complaint to assert claims of retaliation based on the April 9, 2010 Phone Call would be futile because such claims could not withstand a motion to dismiss. Therefore, plaintiff's request for leave to amend is denied.[6] *See Murdaugh v. City of N.Y.*, No. 10 Civ. 7218, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Plaintiffs 'new evidence' that it intends to present in an emended [c]omplaint is insufficient to establish [the proposed] claim . . . and is therefore denied as futile.").

2. Personal Liability Under Section 1981

Permitting plaintiff to amend to assert a Section 1981 claim would also be futile because plaintiff has not alleged personal involvement. "In order to make out a claim for individual liability under § 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. v Cnty. Of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (internal quotation marks and citations omitted). Furthermore, "[p]ersonal liability under section 1981 must be predicated on the actor's personal involvement." *Id.* The Report concluded that plaintiff's proposed amended complaint alleges personal involvement by Strianse and Giacopelli in their individual capacities. Defendants object to this finding.[7]

---

[6] Plaintiff requests that the Court alternatively deem this Motion to Amend as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Upon reconsideration, the Court adheres to its original determinations in the Dismissal Order. *See Rijos v. N.Y. Community Bancorp, Inc.*, 2011 WL 1496800, at *1 (denying motion for reconsideration where "[t]he court has reviewed the parties' submissions, and concludes that it should neither revisit the dismissal of Plaintiff's [claim], nor allow Plaintiff to amend her complaint to reassert that claim" because "[p]laintiff's proffered new evidence does nothing to change the court's previously stated conclusion").

[7] Defendants do not object to the Report's conclusion that the Eleventh Amendment bars plaintiff from asserting Section 1981 retaliation claims against the Medical Center, and Strianse and Giacopelli, in their official capacities.

The proposed amended complaint alleges that Strianse and Giacopelli "determined immediately after [the April 9, 2010] complaint [of discrimination] that Plaintiff DASRATH would not be reappointed," yet it contains no allegations that Strianse and Giacopelli made the ultimate determination not to renew plaintiff's appointment. Reply, Ex. I ("Proposed Second Am. Compl.") [Docket Entry No. 33-2], ¶¶ 43-44. Its sole reliance on the Non-Renewal Letter, dated April 22, 2010 and signed by human resources assistant director Faith Merrick, in insufficient to allege the personal involvement of Strianse and Giacopelli in the purported adverse employment action.[8]

Furthermore, even assuming the proposed amended complaint alleges sufficient facts to show that Strianse was the "ultimate decision maker," it does not allege that Strianse had a retaliatory motive. Plaintiff's allegation that he complained to Strianse about Giacopelli's discriminatory behavior is insufficient to establish that Strianse had a discriminatory motive. *See Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. Mar. 13, 2012) (summary order) ("[T]he fact that [plaintiff] filed a grievance against [one defendant] does not support the inference that [another defendant] retaliated against [plaintiff]."). Accordingly, the proposed amended complaint would be futile because it fails to state a claim for Section 1981 retaliation.

---

[8] The Report concludes that "although the proposed complaint does not expressly assert that the individuals were ultimate decision makers, such an allegation can be inferred from the other allegations" and that "[a]rguments that they were not decision makers should await dispositive motion practice." Report, at 12. The Court disagrees. Plaintiff seeks leave to amend his complaint at this late stage based upon "new facts" learned during discovery, including Giacopelli's deposition testimony, which he argues in his reply brief makes "clear that [defendants] are the ultimate decision makers." Reply, at 5. However, plaintiff may not rely on the portions of Giacopelli's deposition testimony that he finds useful to justify his delayed request to amend his complaint to reassert claims of retaliation, and simultaneously ignore Giacopelli's explanation that he only "can make a recommendation" to the "upper enchalant" to renew or not to renew, and that he is "not the one that makes the final decision." Reply, Ex. K ("Giacopelli Depo.") [Docket Entry No. 33-4], at 75:22-76:15.

14

III. Conclusion

No objections have been made to the portion of the Report that recommends that plaintiff be denied leave to amend to assert retaliation claims against the Medical Center. Upon review, the Court is satisfied that this recommendation is not facially erroneous, and it is adopted by the Court.

Upon *de novo* review of the remaining recommendations of the Report, the Court hereby denies plaintiff leave to amend to assert retaliation claims pursuant to Section 1981 and NYSHRL against Strianse and Giacopelli. The only claims that remain pending in this action are: (i) discrimination in violation of Title VII against the Medical Center, on grounds other than hostile work environment; and (ii) discrimination in violation of NYSHRL § 296(1) against Strianse.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: April 29, 2014
 Central Islip, New York